| 13 | 335 |
| 156 | 570 |

## JOHN BIDDLE *vs.* THOMAS MELLON.

Twenty contiguous years adverse possession of land, confers upon the possessor an *absulu'e title* against all persons not excepted by the terms of our statute of limitations.

### ERROR TO ST. LOUIS CIRCUIT COURT.

#### STATEMENT OF THE CASE.

This was an action of ejectment. The plaintiff below declared for about fourteen feet of ground lying on the east side of main street in St. Louis, "bounded on the south by the south-ern line of Clamorgan's survey," and north by a lot formerly of James McGunnegle, deceased. He gave evidence that he had been in possession of said land from 1825 to 1847; and there was also evidence tending to show that the northern line of his possession had been fixed and es-tablished during the life time of James McGunnegle prior to 1825, and that ever since that time

his possession had been co-extensive with that line. Plaintiff also read in evidence several deeds from Brady & McKnight, and subsequent grantees, conveying to him the lot lying on the east side of main street and bounded on the north by the lot of James McGunnegle. It was admitted that defendant below was in possession of the premises in controversy at the commencement of the suit.

The plaintiff in error (defendant below) gave in evidence a survey of the lot confirmed to Clamorgan, and showed that the southern part thereof, fronting westwardly sixty feet on Main street, and bounded south by the southern boundary or line of Clamorgan's survey, was conveyed by McKnight & Brady to Moses Bates, and by intermediate conveyances rested in defendant below—the confirmation to Clamorgan and the derivative title of plaintiff in error are shown by the record, the southern line of Clamorgan's survey being the southern boundary of the lot of plaintiff in error. That in 1847 plaintiff in error commenced against the tenant of Mellon an action of ejectment to recover the very lot of ground described in the declaration filed in this cause. That said tenant was served with process and gave notice thereof to Mellon, who however, did not defend the action, but judgment by default was taken therein and perfected against the tenant; and Biddle entered into possession of said premises by virtue of said judgment, and continued possessed thereof at the commencement of this suit.

So that the case is shortly thus: plaintiff shows that he and those under whom he claims had been in adverse possession of the land in controversy for more than twenty years next preceding the month of July, 1847.

Defendant shows himself to be clothed with the documentary title to the premises, regularly derived from the confirmee thereof; and that he recovered possession of the premises by a judgment in ejectment commenced in 1847, against the tenant of plaintiff, plaintiff having notice of the action; and that he was at the time this suit was commenced so possessed thereof.

At the instance of the plaintiff the court instructed the jury as follows: 1st. If the jury believe from the evidence that Tho's. McKnight, claiming to be the owner of the lot in dispute, and James McGunnegle claiming to own the lot north of the one in dispute, fixed upon the present division line between said two lots as far back as 1822, as the correct line of division betwen said lots, and that said McKnight with the knowledge of said McGunnegle built the stone house on said lot the north wall running along said line, and enclosed his lot in continuation of said line and with the acquiessence of said McGunnegle and the subsequent owners of said lot occupied said lot of McKnight down to the year 1847 or 1848, then said line as then fixed must be taken as the true line of division between said lots, and the defendant cannot at this late day dispute the correctness of the location of said line against any one claiming under Thomas McKnight.

2nd. After fixing the boundary between adjoining lots by the owners thereof, and quiet occupancy of said lots, according to such bouudary or division for the space of twenty-five years, neither proprietor can object to the location of such division line, but the same is to be taken as correctly located." And of its own motion the court instructed the jury, as follows: 1st. He who takes and maintains the possession of land, always claiming it as his own, and exercising such acts of dominion as indicate that they are done in the character of owner alone, holds adversely to all others, such a possession, if full, actual and notorious, and uninterrupted, and continued for the period of twenty years, confers a positive title. If, therefore, the jury shall believe from the evidence, that the plaintiff and those through whom he claims had such a possession of the land in the declaration, mentioned for the space of twenty years, consecutively up to the time of the entry of the defendant under the judgment, recovered against the tenant of the plaintiff, they will find for the plaintiff, notwithstanding, the defendant's entry, and continued possession under and by virtue of the said récovery.

To the giving of which instructions, defendant excepted at the time. The defendant then asked the following instructions, (which the court refused and the defendant excepted the refusal,) viz: 1st. The jury is instructed that although a prior possession under a claim of title, and not voluntarily 'abandoned will prevail in ejectment over a subsequent entry without

any lawful right: Yet where the subsequent entry and possession of the defendant are acquired by virtue of a recovery in ejectment they afford a better presumption of title than the prior possession; and if the defendant thus in possession by virtue of the recovery in ejectment produce and show himself to be clothed with the legal title to the premises the plaintiff relying on mere possession prior to the ejectment cannot prevail against him.

2nd. If a party clothed with the legal documentary title to land be in possession thereof under a judgment and execution of a court of competent jurisdiction in ejectment, he can defend that possession against any one clothed with the new title by possession for twenty-two years prior to the inception of the ejectment suit and whose tenant was ejected in that suit.

The verdict being against defendant he filed a motion for a new trial, assigning as a reason therefor: the error committed by the court in giving and refusing the instructions asked for at the trial, which motion the court overruled and defendant excepted.

## GANTT for plaintiff.

Upon the case as stated the plaintiff in error, by his attorneys, insists:

1st. That the person clothed with the true paper title to land may, in ejectment, defend the possession thereof against the world.

2nd. That if the person clothed with the documentary title, recover by ejectment the possession of the land which has theretofore been held adversely to him, he may defend that possession although such adverse possession may have continued twenty years prior to the institution of proceedings in ejectment against whomsoever. .

3rd. The right of property is shown to be in Biddle. The right of possession is what he recovered in the ejectment, together with the possession itself; and he was therefore invested with the "juris and seisinac conjunctio," which constitutes a perfect title to lands. 4 Har. and McH. 123.

4th. The person who has been in adverse possession of lands for 20 years can hold them as defendant against the real owners, but unless such adverse holder be clothed with the possession itself, his prior possession shall not avail against the owner in possession. Such possession being taken according to law.

5th. By virtue of the act of limitations, no positive right or title is acquired by one party, but only the remedy for the recovery of the lands is taken away from him who hath the true bill. But if he who hath the true bill be in possession, he needs no remedy to recover that which he has already, to wit, the possession; and if he hath also the title "justa causa possidendi," he cannot be dispossessed.

In support of which propositions he cites the following authorities:

3 Cruise's Digest, 490, 491; 16 Johns. Rep. 314, Jackson vs. Rightmyre; 7 Cowen's Rep. 737, 642, Jackson vs. Walker; 6 Cow. 764, Jackson vs. Miller; Blackstone's Reps. 678; Davenport vs. Tyrrell; 2 Blackstone's Comm. 198, 199; 5 Cowen's Rep. 200, Jackson vs. Deun; Ridgely's lessee vs. Ogle et al., 4 Har. & McH., 123.

## DICK for defendant.

In 3rd Cruise's Digest, 495, sec. 21, it is said: "An uninterrupted possession for twenty years, not only gives a right of possession which cannot be divested by entry, but also gives a right of entry. So that if a person who has such a possession is turned out of it, he may lawfully enter and bring an ejectment for its recovery, upon which he will be entitled to judgment. Thus a possession for twenty years in this case forms a positive prescription." In the same volume at p. 506, and in Atkyns vs. Horde, (Burrows, 119) Lord Mansfield, in giving the opinion of the court, says: "An ejectment is a possessory remedy, and only competent where the lessor of the plaintiff may enter; therefore it is always necessary for the plaintiff to show that his lessor had a right to enter, by proving a possession within twenty years, or accounting for

43

JOHN BIDDLE vs. THOMAS MELLON.

the want of it under some of the exceptions allowed by the statute. Twenty years adverse possession is a *positive title* to the defendant; it is not a bar to the action or remedy of the plaintiff only, but takes away his right of possession."

The case of Jackson E. Dene, Wright vs. Dieffendorf, 3 Johns. R. 269, is a case which, in its particulars, bears the closest resemblance to that now before this court. Admitting for *the sake of argument*, that the plaintiff by an erroneous survey, got into possession of land other than his own, and the case is like that now cited. In that case, as in this, the then plaintiff had been ejected by an action brought in which judgment by default had been rendered against him, and then brought his ejectment upon the title given him by his possession. The opinion of the court given in that case is as follows:

"Shall a possession of 38 years be disturbed, because from a recent survey it appears not to correspond with the partition deeds executed sixty years before? Shall not the parties to that partition, and all those who claim under them, be concluded by so long an acquiescence? It is unquestionably the true rule, and every legal presumption, every consideration of policy, requires that this evidence of right should be taken to be conclusive. A location made in 1765, and probably in exact conformity to the survey made on the partition in 1744, and quietly suffered to be continued by the proprietors of the adjoining lot until 1803, is, and ought to be final and conclusive. These circumstances furnish the best and most satisfactory evidence of the true line of division between the two lots. This general doctrine will not be denied, and the only question is as to the application of it to the present case. What is to be the effect upon this title, on the recovery in ejectment by default, and an entry pursuant thereto in 1803? This is the real point in dispute between the parties. The recovery in 1803 against the lessors of the plaintiff does not conclude them from setting up this evidence of title. The amount of a recovery in ejectment is accurately and forcibly stated by Lord Mansfield in the case of Atkyns vs. Horde, (1 Burr. 114.) It is a recovery of the possession (not of the seisin or freehold) without prejudice to the right, as it may afterwards appear even between the same parties. He who enters under it, in truth and substance, can only be possessed according to right. If he has a freehold, he is in as a freeholder. If he has a chattel interest, he is in as a tenor. If he has no title, he is in as a trespasser. If he had no right to the possession, then he takes only a naked possession. This is the obvious and established construction of the nature and effect of a judgment in the action of ejectment. It follows, therefore, that Wright, one of the present lessors of the plaintiff, lost the possession only, without prejudice to the right. The right under the location, after the possession and acquiescence therein, remains in the lessors of the plaintiff, and is not impaired by the recovery in 1803. The plaintiff must, therefore, have judgment." The case of Wheeler vs. Ryerss, 4 Hill, 466, and same case affirmed in, 25 Wend. 437, also decides what is decided in 3 J. R. 269, Jackson vs. Dieffendorf. The case in Hill, 466, and 25 Wend. 437, is as follows: "The plaintiffs had had a previous possession, which was, however, short of 20 years. An action was brought against their tenants, of which it did not appear that the plaintiffs had notice. A trial was had in *the first case*, and judgment rendered in favor of the former plaintiff and defendant. Upon action brought to regain the land, the plaintiff recovered *remedy upon his former* possession short of twenty, and it was held that the *judgment against his tenant did not raise a prima facie case against the* plaintiff. So in the case of Jackson vs. Rightmyre, 16 J. R. 314, the plaintiffs previous possession had been but seven years, against which the defendant had been in possession for 18 *years under a judgment by default*, obtained eighteen years previously against the plaintiff. The court, in its opinion, say: The plaintiffs and their ancestors have a prior possession of 7 years from 1783 to 1790, to set up against the subsequent possession of the defendant of *eighteen* years. Here is no possession on either side which has been long enough to have ripened into a right of possession, or sufficient to toll the entry."

At p. 326 the court say: "A recovery in ejectment does not injure the right of the parties, as it may be made to appear afterwards, but it certainly does change the presumption of right founded on a *new prior possession short of twenty years*." Refers to Jackson vs. Dieffendorf,

3 J. R. 260, above quoted, and approves it. The case of Pederick vs. Searle, 5 Sergeant & Rawle, 236, is a case directly deciding that *twenty years possession confers* title, and that an ejectment on such title may be maintained against the defendant in possession, who has gotten such possession by an ejectment. This case directly refers to the leading case of Jackson vs. Diefendorf, 3 J. R., and supports it. In this case of Pederick vs. Searle, the plaintiff gave in evidence a complete title coming through Samuel Dewitt; and that Dewit had brought his ejectment against the defendant, and recovered possession of the land; that the defendant retook possession of the land; the defendant offered to prove twenty-one years adverse possession to show title in himself; but this evidence in regard to possession was excluded by the court below. The supreme court, at p. 239, in delivering their opinion, say, that although a judgment in ejectment had been recovered against the defendant, yet he offered to show *that he had actual title by twenty-one years adverse* possession, which he should have been allowed to do. In this opinion, the following language is used : "For the right of possession is acquired by twenty-one years possession, and this right is not only sufficient to support a defence, but *is a positive title*, under which one may recover as plaintiff in ejectment. This was the very point decided in Stokes vs. Berry, 1 Salk, 421."

In the case of Jackson vs. Oltz, 8 Wendell, p. 440, the plaintiff had not the paper title to the land sued for, but had twenty years possession of the land, claiming it as his own, and owned adjoining land. He recovered the land upon the actual title to it, given him by his twenty years possession. The language of the court is this : "If the possession was adverse, and had been so for more than twenty years, as it had in this case, then that possession *ripened into a title*, and the plaintiff must recover of the defendant, though the paper title to the land be not in him." Here the court in the clearest language state that the twenty years possession gives complete title. A possession is mere *prima fac e* evidence of title, and continued short of twenty years, merely continues to be a presumption of title, but when that presumption has continued for twenty years or upwards, then it *ripens* into a complete title. A party then has no longer a mere appearance of having title, but has the true real title. This view of the law is presented by Ch. J. Kent; in Smith vs. Lorilland, 10 J. 11, 356, wherein delivering the opinion of the court, he says: "The ejectment is a possessory action and possession, is always presumption of right, and it stands good until other and stronger evidence destroys that presumption. This presumption of right every possession of land has in the first instance, and after a continued possession for twenty years, under pretence or claim of right, the actual possession ripens into a right of possession, which will toll an entry;" and immediately below this he speaks of a possession which cannot be over reached.

In the case of Jackson vs. Harden, 4 J. R. 210, the defendant to defeat the recovery of the plaintiff offered to show an outstanding title in a third person, against which, however, twenty years adverse possession had run. Kent, justice, in delivering the opinion of the court, at p. 211, says : "But if the defendant could be permitted to set up this defence, (that is of an outstanding title) the next inquiry is whether what he offered to show was a subsisting title. It was upwards of twenty years between the time that Ludlow is stated to have acquired the Salisbury title under a judgment and execution, and the time of trial when the testimony was offered; and I believe the rule is, that when upwards of twenty years of adverse possession have run against an outstanding title, it shall not be set up. Buller's N. P. 110, 3 J. R. 386. The presumption in that case is, *that it is no longer a subsisting title.*"

That is, the court, in its opinion delivered by Kent, decide that a title against which twenty years adverse possession have run is extinguished. Here then is the proposition decided in both ways; it is decided expressly by many decisions, and here its correlative is also affirmed; for the creation of one title by twenty years occupancy, works the extinction of the others. The supreme court of Missouri, in the case of Crockett vs. Morrison, 11 Mo. Rep. 7, states that twenty years adverse possession gives title, and it is ranked along with documentary title. This language is used by the court : "It is essential to sustain the action of ejectment, that the plaintiff should have a right of entry. Where the plaintiff has a *documentary title or a title*

*growing out of an actual adverse possession for twenty years,* this right of entry cannot be tolled except by the bar of the statute of limitations." Here the court speaks of two kinds of title which gave a right of entry, and both as complete titles; and no entry can toll the right of entry given by twenty years adverse possession which will not toll the entry from the documentary title. In this case now, before the court, the defendant is insisting upon having his possession obtained by his judgment by default tacked to his extinct title. But the plaintiff says no, in the language of our supreme court just cited. I have title to the land growing out of an actual adverse possession for twenty years, "and this title is accompanied with a right of entry, without which it would be useless; and this right of entry cannot be tolled except by the bar of the statute of limitations." The right of entry issues from title; the defendant Biddle had no title when he brought his ejectment; therefore, he had no right of entry; by our tenant's default he obtained an entry; how could his entry which was attached to no title, revivify an extinguished title. The defendant, Biddle, is contending that because he was in possession he had a right of entry, and because he had a right of entry he had title. But this is false reasoning, though very specious. But it is a mere begging of the question. His entry proves no title, nor raises a presumption even of the title, when it is against a subsisting title, not barred by the statute of limitations.

In the case of Chiles vs. Jones, 4 Dana, 483, the court say: "It is also well settled that twenty years uninterrupted adverse possession of land, not only tolls any right of entry which others laboring under no disability may have had in the land while it was so possessed, but that it also confers upon the possession, as well as to those to whose use his possession enures a perfect right of entry, and consequently right of action to recover the possession in case he has been ousted from it. The right of entry has been destroyed in the outstanding title, and is confered upon and enures to the benefit of the possession. And as the right of entry and of possession are alone triable in the action of ejectment, the possessor for twenty years clearly made out must prevail." Refers to 3 Marshall, 30, Roberts vs. Sanders.

Philips on evidence, vol 4, p. 265, says: "An uninterrupted possession of twenty years is conclusive of the right upon a trial of an ejectment, either for the plaintiff or the defendant." In 2nd Starkie Ev. 294, in stating what it is sufficient for the plaintiff in ejectment to make out, says: "In analogy to the stat. 21 Jac. 1 C. 16, a clear undisturbed possession of twenty years is evidence of an estate in fee, if no other title appear, and upon such evidence a plaintiff may recover an ejectment. The presumption of title resulting from such possession of twenty years is liable to be rebutted by evidence that the possession was not adverse to the party legally entitled, or that the latter labored under some disability when his right accrued, which has continued down to a period within twenty years." In this text book of lawyers, which they look into as a guide for the course to be pursued by them in conducting a trial in court, they are told that a plaintiff can recover on the adverse possession of twenty years against a defendant clothed with the paper title, unless the defendant is within the savings of the statute. In the case of Jackson vs. Miller, 6 Cowen, at p. 754, the court say that a possession of twenty years adversely of law, is evidence of title good against a previous recovery. 1 Greenleaf Ev. 76, sec. 15, sec. 16, it is said the possession of land for the length of time mentioned in the statute of limitations, under a claim of absolute ownership, constitutes against all persons but the sovereign, a conclusive presumption of a valid grant. So in 4 Kent's Com. 187, he says: "The statute of limitations is assumed as the fit and proper ground for taking the length of possession therein mentioned as the presumption of right." That is, when a party has been so long in possession of land claiming it as his own, and undisturbed by any one, that he thereby is conclusively presumed to have title to it, and this presumption is a grant of title, in effect.

The cass of Roberts et al. vs. Saunders, 3 A. R. Marshall, page 30, is an action in circumstances much like the present. In that case the plaintiff entered upon and occupied the land for upwards of twenty years, claiming it as his own, but he had not the paper title. An ac-

tion of ejectment was brought against his tenant, and no notice given the plaintiff (then defendant) and the tenant not defending, judgment went against him. Saunders then, commenced his action to recover the land on the ground of title, acquired by twenty years possession, which possession he had thus lost by the default of his tenant, and the court decreed that although the party, Roberts, against whom he brought the ejectment, had the elder paper title, that Saunders had complete title *by twenty years possession,* and so must recover. The court say at p. 30, "Saunders and those through whom he claims, must be admitted to have held a continued adverse possession of the land in contest for more than twenty years, under color of title; and it is well settled that such a possession not only tolls or bars any right of entry which others, laboring under no disability, may have had in the land whilst it was so possessed; but that it moreover confers upon the person possessd, a perfect right of entry."

In support of the proposition stated in the second instruction given for the plaintiff, the following cases are cited; Jackson Ex. dem. Wright, vs. Deiffendorf, 3 J. R. 269. This case has already been set out in this brief. Jackson Ex. dem., Schuyler vs. Vedder 3 J. R. 8, a case which by mistake in the survey, the parties took possession of their land by wrong boundaries and so continued to occupy for upwards of twenty years ; the court say, that after such long acquiescence in boundaries, fixed by the parties, they are concluded from contesting with each other their boundaries. In the case now before the court, the deposition of Thomas McKnight, proves that the owners of these two adjoining lots had the line of division between them run as early as 1818, and according to this line McKnight built his two houses, and this is peaceably acquiesced in down to 1847, a period of between 29 and 30 years. It was also proven by the testimony of the different witnesses of the plaintiff, that the lot in dispute, as part of a larger lot, was actually enclosed by a fence, on the north line of which the fence run from the year 1823, to 1847, and up to the trial.

In the case of Thompson vs. Milford, 7 Watts 442, it is decided, "while one holding under a survey makes his boundaries on the ground, including 12 acres of his neighbors land, and the neighbor permits him to fence and occupy it for more than twenty-one years, it was held that a title was acquired by such occupancy to all the land within his boundary, the wood land as well as that cleared, though his neighbor held the land by patent and by actual settlement."

In Brown vs. McKinney, 9 Watts 565, the court decided where adjoining towns have occupied up to a line fence between them for more than 21 years, each has a right up to that line, whether they knew of each others adverse claims or not." In many cases in reference to holding lands by division lines wrongfully located, it has been decided, that a possession short of twenty years according to such lines as erroneously located precludes the parties disputing the correctness of the line; and in no case when such occupancy has continued for twenty years, has it been held that such location could be questioned; that is, some courts have held the parties concluded short of twenty years possession, and in every case, twenty years occupancy according to fixed lines, though erroneous, has been held to conclude the parties, and give them title according to their occupancy. In the case last cited, Brown vs. McHenry, 9 Watts, at p. 566, at the close of the opinion, the language of the court is this:

"For it cannot be disputed that an occupation up to a fence on each side by a party or two parties, for more than twenty-one years, each party claiming the land on his side as his own, gives to each an incontestible right up to the fence, and equally, whether the fence is precisely on the right line or not. It is time that it should be settled beyond dispute, that where a person, in possession by a fence as his line, or by a house or stable for more than 21 years, his possession, establishes his right."

Judge, BIRCH delivered the opinion of the court.

We are of opinion that twenty continuous years adverse possession, of land, confers upon the possessor an *absolute title,* against all persons

unexcepted by the terms of our statutes. The instructions given by the circuit court were therefore correct, as was also its declension to give those asked by the defendant, and its judgment is consequently affirmed.

I give no opinion in this case. ⸱ J. F. RYLAND.